**THE J. W. KITTRELL. THE WILLIAM J. DAILEY. THE EDWARD P. MESICK.**

(District Court, E. D. New York. May 17, 1923.)

1. **Collision** ⊙━71(3)—**Vessel at end of pier may recover for injury, if not chargeable with contributory fault.**

The provision of section 879, Greater New York Charter prohibiting vessels from lying at the end of any pier on the North or East River, except at their own risk of injury caused by any vessel entering or leaving an adjoining slip, does not prevent recovery in such case, where the vessel so lying was not chargeable with fault contributing to the collision.

2. **Collision** ⊙━71(3)—**Presence of barge at end of pier held not contributing cause of collision.**

A barge, lying at the end of a pier when she was struck by another barge in tow of a tug entering the adjoining slip, *held* entitled to recover from the tug for the collision, where she did not extend beyond the side of the pier, nor obstruct the entrance to the slip by vessels properly navigated.

In Admiralty. Suit for collision by James A. Redican, owner of the barge J. W. Kittrell, against the steam tugs William J. Dailey and Edward P. Mesick. Decree for libelant, against the tug Mesick.

Macklin, Brown & Van Wyck, of New York City, for libelant.

Whitman, Ottinger & Ransom, of New York City, for the William J. Dailey.

Alexander & Ash, of New York City, for the Edward P. Mesick.

CAMPBELL, District Judge. A libel was filed against the steam tugs William J. Dailey and Edward P. Mesick for damages caused by collision. The evidence presented herein shows that the barges J. W. Kittrell and Tyrone had been taken, in tow by the steam tug Dailey in the slip at Ninety-Sixth street; the barge Tyrone being on the starboard side, and the barge Kittrell on the port side of said steam tug. The Dailey took them out to the head of the pier; the barges remaining in the same relative positions at her sides and tied up at the head of said pier, headed down the river. Neither of said barges nor said steam tug extended beyond the south side of the head of said pier; the bow of each of them being some feet to the north thereof.

The master of the steam tug Dailey then went up the pier to get orders, remaining from 20 minutes to half an hour; the tug being in charge of a licensed mate. The tide was flood, the width between the piers at Ninety-Sixth street was 200 feet, and there were no boats on

the north side at the entrance; but there may have been one on the south side, and there was plenty of room to pass in.

While the master of the Dailey was up the pier, the steam tug Mesick, with a large coal boat, the Cape Fear, on her starboard side, attempted to enter the slip along the south side of said pier and allowed the starboard side of her tow, the Cape Fear, to strike the barge Kittrell on the port bow, inflicting damage. The master and deckhand of the Mesick claimed that the tow of the Mesick did not strike the Kittrell at the time and place in question; but they must be in error, as it is clear that the barge Kittrell was struck at the time and place in question, and it appears that no other boat was at that time and place in a position to strike the Kittrell. I therefore find that the tow of the steam tug Mesick did strike the barge Kittrell as hereinbefore described.

[1, 2] The master of the barge Kittrell said he expected the Mesick or her tow to strike the Kittrell from the way they were coming up the river; but the steam tug Dailey and her tow could not have dropped back without striking boats that were lying astern, and I am of the opinion that the said steam tug Dailey and her tow had a right to remain at the head of said pier, as they were not extending beyond the side of the said pier into the slip where the Mesick was bound, and there was plenty of room for the steam tug Mesick and her tow to enter that slip without striking the Kittrell, if the Mesick had been properly navigated, and that the tying up of the Kittrell at the head of the pier was not a contributing cause for the collision; nor was the tying up of the said Kittrell at the head of said pier, in the manner in which she was tied up, such a violation of the City Charter (Laws 1901, c. 466) and the War Department Regulations as to make the Kittrell or the Dailey bear any part of the damages caused by the collision. The Daniel McAllister, 258 Fed. 549, 169 C. C. A. 489; The Daniel B. Flannery (C. C. A.) 282 Fed. 545; The Baker Bros., 260 Fed. 650, 171 C. C. A. 414.

In my opinion, the William J. Dailey was without blame, and did not, by tying up with her tow at the head of the pier, contribute to the collision, and as to her the libel should be dismissed. The J. W. Kittrell was without power and could not be moved by hand, and did not contribute to the collision. The Edward P. Mesick had plenty of room to enter the slip with her tow, without striking the J. W. Kittrell, and the said Edward P. Mesick is solely responsible for the collision.

A decree will be entered for the libelant against the steam tug Edward P. Mesick, with the usual order of reference.